*363
 
 Pearson, J.
 

 It is not stated, upon what ground the petition was dismissed. The objection for the want of parties was met by the assignment of Riggsbee. The objection, that the deed was void, “being obtained by fraud and deception,” without consideration, (supposing a gen.eral allegation of the kind, sufficient to raise an objection,) is not supported ; for, the case states no evidence in re» ference to it. The only remaining objection is, as to the effect of the deed of the 9th of August 1811. We presume his Honor was of opinion, that the deed was too vague and uncertain to have any operation, or that it was a mere covenant to convey, and therefore the petitioner had no title.
 

 We do not concur in this opinion. The legal effect of the deed was to pass one half of the slaves. It has proper parties, a consideration, a subject sufficiently certain, and uses apt words of conveyance and apt words of warranty. The only confusion is made by the introduction of the words: “at public sale or valued by two good men.” These words, if unmeaning, are to be rejected as surplusage,
 
 “ut res magis valeat,”
 
 4'c- The sense is not changed by striking them out. It is probable, (if a conjecture may be hazarded.) that it was an attempt to provide a mode of division without the expense of legal proceedings ; but however that may be, a proper construction of the
 
 deed
 
 vests the title to one half of the slaves in the petitioner, and he has a right to a division.
 

 It was insisted in the argument, that upou a petition for partition of slaves, if the defendant denies that the petitioner is a tenant in common, and sets up a title in himself in severalty, and an exclusive property, the petition cannot be maintained. The case, as made up, does not present this question, but as the question is one of practical importance it is proper to give our opinion. In a bill .for partition of land, if the defendant denies the title of the plaintiff, and sets up ail adverse possession and
 
 *364
 
 title in himself in severalty, the Court will not proceed until the plaintiff establishes his title by an action of ejectment, as a tenant in common may bring ejectment against his co-tenant, when there is an actual ouster, and such denial and claim set up in the answer is taken to be an actual ouster. But a tenant in common of slaves' cannot maintain an action at law against his co-tenant,, unless the property is destroyed or carried out of the country. And, if the rule as to land be applied to slaves,, there would be no remedy, whenever the defendant denies the tenancy in common. “Where there is a right there must be a remedy and
 
 ex necessitate,
 
 the Court, in which the petition is filed, upon an adverse title in severalty being set up, must try the title. This is a necessary consequence, in order to give effect to the act providing for the partition of slaves or other chattel property.
 
 Rev Stat ch.
 
 85,
 
 sec.
 
 18. We think the mode adopted by the County Court was a proper one to- try the title,.
 

 It was further objected, that the petition, has no prayer for process. Supposing a formal prayer necessary in a proceeding of this kind, it has been waived by the ap^ pearance and answer of the defendants.
 

 The decree below must be reversed and the plaintiff declared to be entitled to partition. And as it does not appear, whether there is a necessity for a sale or not for-the purpose of making partition, it is deemed most convenient to the parties to remit the cause, so that the partition made be made under the direction of the Court below.
 

 Per Curiam.
 

 Ordered accordingly